**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **DORETHA L. GREEN,** | : | **CHAPTER 13** |
| **Debtors.** | : | **CASE NO. 14-70986 jtl** |

**OBJECTION TO CONFIRMATION**

COMES NOW Headwaters Financial Corporation, a secured creditor, and objects to confirmation of the debtor's Chapter 13 Plan on the following grounds:

1.

The debtor is indebted to Headwaters Financial Corporation ("Headwaters") on a Promissory Note and Security Agreement dated April 17, 2014 in the current amount of $20,511.70.  A 2009 used Harley Davidson motorcycle secures payment of the Promissory Note.

2.

Headwaters has filed a Proof of Claim on the Note referred to in paragraph 1 above (Claim No. 4-1).

3.

Eighty-four monthly payments of $351.07 beginning on May 17, 2014 are called for under the terms of the Note described in paragraph 1.  Debtor has made no monthly payments whatsoever on the Note.

4.

The terms of the debtor's proposed Chapter 13 Plan provide:

> **Headwaters Financial shall be paid direct by Vernell Wilson and debtor surrenders her interest in the collateral**.

(emphasis supplied)

Vernell Wilson, however, is not a party to the April 17, 2014 Note and is unknown to Headwaters. Wilson has never made any payments on the Note. Doretha Lachelle Green is the Owner of said collateral. (See Certificate of Title attached to Headwaters' Proof of Claim).

5.

Debtor does not have possession of the collateral and is unable to tender physical possession to Headwaters.

6.

Headwaters acknowledges that a debtor may surrender property to a secured creditor in satisfaction of a secured claim and treat the deficiency as an unsecured claim. Significantly, however, 11 U.S.C. § 1325(a)(5)(C) requires that a debtor be able to deliver physical possession to the creditor. See, In re: Smith, 207 B.R. 26, 30 (Bankr. N.D.Ga. 1997) (1325(a) requires return of collateral); In re: Prior, 2014 WL 585284 *3 (Bankr. S.D.Ga.) (debtor's proposed surrender of "interest in property" fails to meet requirements of § 1325(a)(5) where debtor unable to deliver physical possession despite debtor's good faith efforts to do so); In re Register, 2001 WL 36390710 *2 (Bankr. S.D.Ga.) (debtor's failure to deliver physical possession or control of collateral despite good faith efforts does not meet minimum requirements of § 1325(a)(5)).

7.

Because Debtor cannot deliver physical possession of the collateral (motorcycle) to Headwaters, Debtor's proposed Plan does not meet the requirements of § 1325(a), and therefore confirmation should be denied.

8.

Moreover, because Debtor's proposed Plan makes no provision to make payments on the secured debt held by Headwaters, confirmation should be denied.

WHEREFORE, Headwaters Financial Corporation prays that confirmation of Debtor's Chapter 13 Plan be denied.

Respectfully submitted, this 14th day of October, 2014.

    /s/  Thomas W. Joyce
    THOMAS W. JOYCE
    GA Bar No. 405527
    Attorney for
    Headwaters Financial Corporation

OF COUNSEL:

JONES, CORK & MILLER, LLP
P. O. Box 6437
Macon, GA  31208-6437
(478) 745-2821

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **DORETHA L. GREEN,** | : | **CHAPTER 13** |
| **Debtors.** | : | **CASE NO. 14-70986 jtl** |

### CERTIFICATE OF SERVICE

This is to certify that I have this day served the within and foregoing Objection to Confirmation by placing a copy of same in the United States Mail with correct address and postage affixed thereto to ensure proper delivery to the following:

Michael H. Turner, Esq.  
P. O. Box 2519  
Tifton, GA  31793

Kristin Hurst, Chapter 13 Trustee  
P. O. Box 1907  
Columbus, GA  31902-1907

Doretha L. Green  
2521 Booker Street  
Tifton, GA  31794

This 14th day of October, 2014.

        /s  Thomas W. Joyce  
THOMAS W. JOYCE  
State Bar No. 405527

OF COUNSEL:  
JONES, CORK & MILLER, LLP  
P.O. Box 6437  
Macon, GA 31208-6437  
(478) 745-2821